FILED UNDER SEAL

ON 12/15/04

LESLIE G. WHITMER, CLERK

BY:

Eastern District of Kentucky
F I L E D
DEC 1 5 2004
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LONDON**

CRIMINAL ACTION NO. 04-CR-87-KKC

**UNITED STATES OF AMERICA**         **PLAINTIFF**

**V.**        **PLEA AGREEMENT**

ROGER DEAN HALL           **DEFENDANT**

\*   \*   \*   \*   \*

1. The United States of America and the Defendant enter into this Plea Agreement pursuant to Federal Rule of Criminal Procedure 11(c).

2. The Defendant agrees to enter a plea of guilty, not a nolo contendere or *Alford* plea, to Counts 1, 2, and 3 of the Information, charging violations of 18 U.S.C. § 1512(b)(3), 18 U.S.C. § 1512(c)(2), and 18 U.S.C. § 1001(a). At the time of the entry of the guilty plea, the Defendant will admit all facts alleged in Counts 1, 2, and 3.

3. The essential elements of Count 1 are:

   (a) that the defendant engaged in misleading conduct toward another person with the intent to hinder, delay, or prevent communication to a law enforcement officer of the United States of information relating to the commission or possible commission of a federal offense

   (b) that the defendant did so knowingly

8

The essential elements of Count 2 are:

> (a)   that the defendant obstructed, influenced, impeded or attempted to obstruct, influence, or impeded an official proceeding

> (b) that the defendant did so corruptly

The essential elements of Count 3 are:

> (a)  that the defendant in a matter within the Judicial Branch of the government of the United States, made a materially false, fictitious, or fraudulent statement or representation to FBI Special Agent Timothy S. Briggs

> (b) that the defendant did so knowingly and willfully

4.  As to Counts 1, 2, and 3, the United States could prove the following facts beyond a reasonable doubt:

> (a)  That during the time period referenced in the indictment, this defendant was employed as a Deputy Sheriff with the Harlan County Sheriff's Office. During that time period,  he became acquainted with Dewayne Harris and Edna Harris. This defendant was aware that Dewayne Harris, Edna Harris, and others had been arrested on federal drug trafficking charges in the Eastern District of Kentucky. The charges included forfeiture counts. Dewayne Harris had been detained at a federal holding facility.  Edna Harris was released on bond with electronic monitoring.

> (b) Specifically as to Count 1, this defendant had a conversation with Edna Harris that was audio taped.  During this conversation, this defendant engaged in discussion with Edna Harris as to the entry of a guilty plea to the federal charges. This defendant agreed or offered to conceal assets of Edna Harris during the time period when she would be incarcerated. This defendant was aware that these assets could be the subject of federal forfeiture.   This defendant engaged in misleading conduct to hinder, delay, or prevent the entry of a guilty plea and subsequent communication of information to federal law enforcement.

(c) Specifically as to Count 2, and in the same conversation mentioned in the above paragraph, this defendant engaged in additional discussions with Edna Harris. This defendant admitted that he had previously disclosed the location, identity, and vehicle description of DEA agents in the Harlan County area. These DEA agents were on a narcotics investigation in Harlan County. This disclosed information corruptly obstructed, and impeded the narcotics investigation.

(d)Specifically as to Count 3, this defendant on January 15, 2004 had a conversation with Special Agent Timothy S. Briggs of the London office of the Federal Bureau of Investigation. During this interview, this defendant made materially false statements concerning his relationship with Edna Harris.

These facts accurately represent the Defendant's offense conduct and establish the essential elements of the offense.

5. No agreement exists about what the Defendant's sentence will be.

6. The maximum statutory punishment for Count 1 is not more than 10 years imprisonment, a fine of not more than $ 250,000, or both, and a term of supervised release of not more than 3 years.

The maximum statutory punishment for Count 2 is not more than 20 years imprisonment, a fine of not more than $ 250,000, or both, and a term of supervised release of not more than 3 years.

The maximum statutory punishment for Count 3 is not more than 5 years imprisonment, $250,000 fine, and a term of supervised release of not more than 3 years.

A mandatory special assessment of $100.00 per count applies and the Defendant will pay this assessment to the U.S. District Court Clerk at the time sentencing.

7.  The United States and the Defendant recommend the following sentencing guidelines calculations and they may object to other calculations. This recommendation does not bind the Court.

(a)  United States Sentencing Guidelines, November 1, 2004 manual will determine the Defendant's guideline range.

(b) Pursuant to § 2J1.2, the base offense level for Count 1 and 2 is a Level 14.

(c) Pursuant to § 2B1.1, the base offense level for Count 3 is a Level 6.

(d) The United States and the defendant agree that the combined base offense levels "group" for a combined guideline calculation of 14.

(e) The defendant understands and reserves the right to object to a possible increase under § 3B1.3, as the base offense level enhancement of two levels as the defendant abused his position of trust as a law enforcement officer. The defendant understands that the United States reserves right to argue for that enhancement.

(f) Pursuant to § 3E1.1(a), decrease the base offense level by 2 levels for the Defendant's acceptance of responsibility if the offense conduct is less than 16. The United States will move for an additional one level decrease at the time of sentencing for a total of 3 levels if the base offense level rises to a level 16.

8 . The United States will not bring additional charges against the Defendant based upon evidence in its possession regarding the facts of this Indictment at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky unless the Defendant breaches this Agreement.

9. This Agreement does not bind the United States Attorney's Offices in other districts concerning matters under investigation or prosecution in the other districts.

Page 4 of 7

10. All statements and testimony that the Defendant provides must be truthful. This Agreement does not preclude the prosecution of the Defendant for perjury or making false declarations relating to statements or any testimony rendered pursuant to this Agreement.

11. If the Defendant is unable to pay a fine, a mandatory special assessment, or restitution immediately, the Defendant will complete and sign a Form OBD-500 (Financial Statement of Debtor), or will submit to a Deposition in Aid of Collection, or both, at times and places that the United States directs.

12. The Defendant waives the statutory right to appeal and the right to collaterally attack the guilty plea, conviction, and any lawful sentence.

13. The Defendant is familiar with the Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. ___ (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Notwithstanding those decisions, the Defendant agrees to waive all constitutional challenges to the validity of the Sentencing Guidelines, and agrees to have the sentence determined pursuant to the Sentencing Guidelines. The Defendant also waives any claim that the facts that determine the guideline sentencing range (including facts that support any specific offense characteristic, specific offender enhancement, other upward adjustment, and the Defendant's criminal history category) should be alleged in an indictment and found by a jury beyond a reasonable doubt, and agrees that facts that determine the guideline sentencing range will be found by the Court at sentencing by a preponderance of the evidence. The

Defendant further agrees that the sentencing court may consider any reliable evidence, including hearsay.

14. The Defendant may cooperate fully with the United States in the investigation or prosecution of the matters in the Indictment and all related matters, including, but not limited to testifying truthfully in all proceedings. If the Defendant provides substantial assistance in the investigation or prosecution of other persons who have committed an offense, the United States will consider filing a motion for a downward departure from the sentencing guidelines. The decision to file said Motion is solely within the discretion of the United States.

15. If the Defendant violates any part of this Agreement, the United States has the option of voiding this Agreement and seeking an indictment for any violations of federal laws and the Defendant waives any right to challenge the initiation of additional federal charges.

16. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

17 . The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

Page 6 of 7

GREGORY F. VAN TATENHOVE
UNITED STATES ATTORNEY

Date: _12/13/04_          By: _____

Roger W. West
Assistant United States Attorney


Date: _12/13/04_          _____

Roger Dale Hall
Defendant

_____

Date: _12-13-04_

Hon. Warren Scoville
Attorney for Defendant


**APPROVED**, this __18__ day of _December_, 2004.


_____
UNITED STATES DISTRICT JUDGE


Page 7 of 7